UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Plaintiff,

        v.                                               CAUSE NO. 3:21-CV-453-JD-MGG

INDIANA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed a confusing amended complaint with unrelated claims. ECF 22. In paragraph one, he alleges the Indiana Department of Correction is deliberately indifferent "to censorship, monopolization, racketeering, gang violence, retaliation, price gouging, adulterated food, food that lacked nutrition, small portions of food, fraud, etc. . . .." ECF 22 at 3. In paragraph 2, he alleges the Indiana Department of Correction has a policy limiting inmates on Administrative Restrictive Status Housing to one phone call per week. In paragraph three, he alleges Sgt. Miller, Correctional Officer Ward, and an unknown officer allowed gang members to assault him on April 27, 2021, and then denied him breakfast. In paragraph four, he alleges Richard Brown, Warden Hyatte, and Deputy Warden Payne had been told about past "assaults, threats, retaliation, [and] harassment . . .." ECF 22 at 4. In paragraph 5, he alleges Correctional Officer Johnson denied him "lunch/breakfast" on May 5, 2021, and that Correctional Officer Martin denied him

lunch on May 11, 2021. In paragraph six, he alleges Correctional Officers Mallott, Croft, and Modrow made racist comments and then Mallott used excessive force with a taser on June 11, 2021. In paragraph seven, he alleges on June 16, 2021, Sgt. Katrina Mayes and Correctional Officer Croft retaliated against him by denying him recreation for sixteen days.

"[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and where there are limited connections between claims the court can order severance or dismissal without prejudice, *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). "[T]he plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Taylor needs to decide which related claims to pursue in this case. The clerk will send one **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form with this case number. If he wants to file additional lawsuits, he may obtain additional blank forms from his prison law library.

For these reasons, the court:

(1) DIRECTS the clerk to put this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Ezekiel I. Taylor;

(2) GRANTS Ezekiel I. Taylor until **November 30, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Ezekiel I. Taylor if he does not respond by the deadline, the court will select one claim and dismiss any unrelated claims.

SO ORDERED on October 26, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT