UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Plaintiff,

        v.                               CAUSE NO. 3:21-CV-453-JD-MGG

MALLOTT,

    Defendant.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed an amended complaint alleging Correctional Officer Mallott used excessive force against him on June 11, 2021. ECF 25. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor alleges Officer Mallott tased him multiple times while he was on the ground in handcuffs and not presenting a threat to anyone. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he

question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, the complaint plausibly alleges Officer Mallott used excessive force in violation of the Eighth Amendment.

In addition Taylor makes several other allegations which do not state a claim. He alleges Officer Mallott falsely accused him of resisting. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Thus, even if Officer Mallott made a false accusation, that does not independently state a claim. Taylor alleges Officer Mallott made racist and threatening comments to him, but "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

Taylor alleges Correctional Officers Modrow and Croft joked about him using a plunger to clean feces and urine off the floor. Again, simple verbal harassment does not state a claim. He alleges they did not intervene when Officer Mallott made racist comments. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail

2

to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). However, failing to intervene when racist comments are made does not state a claim.

Taylor alleges Officer Jameson retaliated against him on June 16, 2021, by writing a false conduct report which resulted in him losing earned credit time. He alleges Angela Heishman retaliated against him by not responding to his disciplinary hearing appeals which resulted in him losing earned credit time. A retaliation claim may be asserted even if the retaliatory act does not independently violate the Constitution. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). However, Taylor cannot proceed with these claims until after the prison disciplinary proceeding is otherwise overturned or set aside because finding the conduct report was false would undermine the prison disciplinary finding that he was guilty. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Therefore, these claims will be dismissed without prejudice.

For these reasons, the court:

(1) GRANTS Ezekiel I. Taylor leave to proceed against Correctional Officer Mallott in his individual capacity for compensatory and punitive damages for using excessive force against him on June 11, 2021, in violation of the Eighth Amendment by tasing him multiple times while he was on the ground, handcuffed, posing no threat;

(2) DISMISSES WITHOUT PREJUDICE the claim against Correctional Officer Jameson for retaliating against him for filing grievances by writing a false conduct report on June 16, 2021;

(3) DISMISSES WITHOUT PREJUDICE the claim against Angela Heishman for retaliating against him for filing grievances by refusing to respond to his disciplinary hearing appeals;

(4) DISMISSES WITH PREJUDICE all other claims;

(5) DISMISSES Croft, Modrow, Katrina Maves, Angela Heishman, and Jameson;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Mallott at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 25), under 28 U.S.C. § 1915(d);

(7 ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Mallott to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 29, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT