UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Plaintiff,

    v.                                             CAUSE NO. 3:21-CV-453-JD-MGG

MALLOTT,

    Defendant.

## OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, is proceeding in this case "against Correctional Officer Mallott in his individual capacity for compensatory and punitive damages for using excessive force against him on June 11, 2021, in violation of the Eighth Amendment by tasing him multiple times while he was on the ground, handcuffed, posing no threat[.]" ECF 27 at 3. Officer Mallott filed a motion for summary judgment, arguing Taylor did not exhaust his administrative remedies before filing suit. ECF 44. Taylor filed a response. ECF 60. Officer Mallott has not filed a reply, and the time for doing so has expired. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

In his summary judgment motion, Officer Mallott argues Taylor did not exhaust his administrative remedies prior to filing this lawsuit because he never submitted any grievance regarding his allegation Officer Mallott used excessive force against him on

June 11, 2021. ECF 45 at 6-7. Specifically, Officer Mallott provides an affidavit from the prison's Grievance Specialist, who attests that Taylor never submitted any formal grievance complaining of Officer Mallott's use of force. ECF 44-1 at 5. Officer Mallott also provides Taylor's grievance history, which indicates the grievance office did not record any grievances from Taylor between June 11, 2021, and July 20, 2021. ECF 44-3 at 6.

In his response, Taylor argues Officer Mallott's June 11 use of force was not grievable because it was the subject of a disciplinary hearing. ECF 60 at 1-3. Specifically, Taylor provides evidence the prison held a disciplinary hearing regarding the June 11 incident and concluded Taylor was guilty of resisting. ECF 60-1 at 20-21. Taylor is correct that the Offender Grievance Process lists "[d]isciplinary actions or decisions" as non-grievable issues. ECF 44-2 at 4. However, the grievance process clarifies that:

> An offender may not grieve the procedure used in disciplinary proceedings or grieve a finding of guilt. However, the offender is not barred from filing a grievance about an event that is merely related to an event that is the subject of disciplinary proceedings. For example, an offender who has been found guilty of battery on staff would not necessarily be barred from filing a grievance that the staff member had treated him or his property improperly in the same course of events.

*Id.* at 10. Because Taylor is proceeding on a claim that Officer Mallott used excessive force against him, and not on a challenge to the procedures or findings of his disciplinary proceedings, he was not barred from grieving Officer Mallott's alleged use of force merely because it was the subject of a disciplinary proceeding. *See id; see also id.* at 3 (listing "[a]ctions of individual staff" as a grievable issue). Thus, the undisputed evidence shows Taylor's claim against Officer Mallott alleged grievable conduct and he

3

had an available administrative remedy to grieve that conduct through the Offender Grievance Process.

Taylor alternatively argues that, even though his complaint against Officer Mallott was not grievable, he nevertheless submitted a grievance complaining of Officer Mallott's use of force and never received any response from the grievance office. ECF 60 at 3. Specifically, Taylor attests that:

> I affirm under penalties of perjury that although matter involved NONGRIEVABLE issue plaintiff filed a grievance referencing VIDEO SUMMARY which confirms the use of Taser against plaintiff 3 times while flat on ground in handcuffs and shackles. Grievance at that time multiple times before. And continues to no respond to grievances.

*Id.* But even assuming these vague attestations are sufficient to raise a dispute over whether Taylor submitted a grievance complaining of Officer Mallott's use of force, the dispute is not genuine because Taylor provides no evidence he complied with the Offender Grievance Process' requirements to notify the grievance specialist of the lack of response after ten business days and submit a written appeal after twenty business days. *See* ECF 44-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact"); *id.* at 12 ("If the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the grievance had been denied"). Therefore, even accepting as true that Taylor submitted a grievance and received no response from the grievance office, the undisputed facts still show Taylor had available administrative remedies that he did not exhaust.

4

Because the undisputed facts show Taylor had an available administrative remedy that he did not fully exhaust, Officer Mallott has met his burden to show Taylor did not exhaust his administrative remedies prior to initiating this lawsuit. Summary judgment is warranted in Officer Mallott's favor.

For these reasons, the court:

(1) GRANTS Officer Mallott's motion for summary judgment (ECF 44); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Mallott and against Ezekiel I. Taylor and to close this case.

SO ORDERED on August 3, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT